_____

No. 95-2266
_____

United States of America,          *
                                    *
        Plaintiff - Appellee,       *
                                    * Appeal from the United States
                                    * District Court for the
    v.                              * Southern District of Iowa.
                                    *
Ricky Lee Hascall,                  *
                                    *
        Defendant - Appellant.      *


_____

        Submitted:  November 13, 1995

          Filed:  February 16, 1996
_____

Before HANSEN, JOHN R. GIBSON and MURPHY, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.


    Ricky Lee Hascall appeals the 262 month sentence he received
after pleading guilty to conspiracy to distribute methamphetamine
in violation of 21 U.S.C. § 846 (1988).  He argues that the
district court[1] erred in finding him a career offender under USSG
§ 4B1.1 (Nov. 1994).  Specifically, Hascall challenges the
determination that conspiracy to distribute methamphetamine is a
controlled substance offense under the Sentencing Guidelines, and
he contends that the district court improperly labeled two prior

_____

    [1]The Honorable R. E. Longstaff, United States District Judge
for the Southern District of Iowa.

second-degree burglary convictions as crimes of violence because the burglaries involved commercial properties.  We affirm.

After receiving briefs and hearing arguments, the district court ruled that conspiracy to distribute methamphetamine was a controlled substance offense under section 4B1.1 of the Sentencing Guidelines.  Relying primarily on United States v. Carpenter, 11 F.3d 788 (8th Cir. 1993), cert. denied, 114 S. Ct. 1570 (1994), the court also found that second-degree burglary of a commercial building is a crime of violence as defined in section 4B1.2.  Based on these findings, the district court determined that Hascall was a career offender with an offense level of thirty-seven and a criminal history category of VI.  Following a three-level reduction for acceptance of responsibility, the court determined the sentencing range to be 262 to 327 months.  The court sentenced Hascall to 262 months imprisonment, noting that the career offender classification increased Hascall's sentence by more than 100 months on both the low and high ends of the sentencing range.

Section 4B1.1, the career offender provision of the Sentencing Guidelines, provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Hascall challenges the district court's findings under the second and third requirements of section 4B1.1.  We review the district court's application of the Sentencing Guidelines de novo. United States v. Gullickson, 981 F.2d 344, 346 (8th Cir. 1992).

Hascall argues that section 4B1.1 is inapplicable because conspiracy to distribute methamphetamine is not a controlled

substance offense.  Our circuit recently decided this question in United States v. Mendoza-Figueroa, 65 F.3d 691, 694 (8th Cir. 1995) (en banc), holding that drug conspiracies are included in the career offender provisions of the Sentencing Guidelines.  Thus, Hascall's crime satisfies the second requirement of section 4B1.1.

Hascall argues that his two previous felony convictions for second-degree burglary are not crimes of violence under the third requirement of section 4B1.1.  In 1985, Hascall committed second-degree burglary in Des Moines, Iowa, when he entered a tire store by kicking out the front door.  Approximately ten months later, Hascall pleaded guilty to second-degree burglary after he entered a Des Moines business with the intent to remove items not belonging to him.  He contends that these commercial burglaries are not crimes of violence as defined by the guidelines.

Section 4B1.2 defines a "crime of violence:"

 (1)  The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that --

   (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or

   (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Our inquiry focuses on subsection (ii) of this definition. Hascall contends that if the Sentencing Commission intended the guidelines to include all burglaries as crimes of violence, the Commission would not have used the phrase "burglary of a dwelling" in the definition.  The government responds that burglary is per se a crime of violence and commercial burglary is included in the "otherwise clause" of subsection (ii).  Hascall's second-degree

burglaries of commercial buildings are not "burglaries of dwellings," so the issue narrows to whether they "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another."  USSG § 4B1.2(1)(ii).

Although we have not yet considered the specific question of whether burglary of a commercial building is a crime of violence under section 4B1.2, we have held generally that second-degree burglary qualifies as a crime of violence under section 4B1.2. United States v. Nimrod, 940 F.2d 1186, 1189 (8th Cir. 1991) ("the inclusion of a prior conviction for second degree burglary in an enhanced sentence calculation was proper"), cert. denied, 502 U.S. 1079 (1992); Carpenter, 11 F.3d at 790-91.

Further, we have interpreted the otherwise clause in the context of section 924(e) of the Armed Career Criminal Act.  We held that attempted second-degree burglary poses such a "serious potential risk of physical injury" that it qualifies as a violent felony under the otherwise clause of section 924(e).  See, e.g., United States v. Solomon, 998 F.2d 587, 590 (8th Cir.), cert. denied, 114 S. Ct. 639 (1993); United States v. Demint, No. 95-2690, slip op. at 4-5 (8th Cir. Jan. 26, 1996) (per curiam). Second-degree burglary is at least as dangerous as attempted second-degree burglary, if not more so.  The otherwise clause of section 4B1.2 is identical to the otherwise clause of section 924(e), and there is no reason to believe that second-degree burglary in the context of the guidelines poses a lesser risk of physical injury than it does under section 924(e).  These cases direct us to conclude that second-degree burglary of a commercial building involves conduct that presents a serious potential risk of physical injury to another under the otherwise clause of section 4B1.2.  See United States v. Fiore, 983 F.2d 1, 4 (1st Cir. 1992), cert. denied, 113 S. Ct. 1830 (1993).

Our holdings are based partly on the generic definition of burglary in Taylor v. United States, 495 U.S. 575, 598 (1990). In Taylor, 495 U.S. at 577 (1990), the Supreme Court discussed the meaning of the term burglary as used in 18 U.S.C. § 924(e).[2] The Court held that for the purpose of enhancement under section 924(e), burglary includes a crime "having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 598-99. Building or structure in this generic definition is broad enough to include both a commercial building and a residence.

Other circuits are divided on whether burglary of a commercial building is a crime of violence under the Sentencing Guidelines.

In Fiore, 983 F.2d at 4, the First Circuit held that "burglary of a commercial building poses a potential for episodic violence so substantial as to" be a crime of violence. After first recognizing the specific reference to burglary of a dwelling in section 4B1.2, the court turned its attention to the otherwise clause. Id. Looking to dicta in Taylor, 495 U.S. at 594, the court noted the statement that commercial burglaries often pose a far greater risk of harm than burglaries of dwelling places. Fiore, 983 F.2d at 4. The First Circuit recognized its recurrent holding that commercial burglary is a violent felony under section 924(e) of the Armed Career Criminal Act. Id. That earlier First Circuit decisions referred to the Armed Career Criminal Act and the interpretation of its identically worded otherwise clause was a distinction without a difference. Id.

----

[2]The relevant portion of section 924(e) defined a violent felony as "burglary, . . . or otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another." Taylor, 495 U.S. at 578. Guideline section 4B1.2 defines a crime of violence to include "burglary of a dwelling, . . . or otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another." While the portions of the definitions involving burglary differ, the "otherwise clause" is the same.

The Tenth Circuit in United States v. Smith, 10 F.3d 724, 732-33 (1993) (per curiam), declined to follow Fiore, and held that commercial burglary is not a crime of violence under the section 4B1.2 otherwise clause, reasoning that the Sentencing Commission intended for the otherwise clause to be narrowly interpreted and applied.[3]  The Court believed that whether the "unlawful entry of a non-dwelling for the purpose of stealing property is regarded as conduct which presents a `serious potential risk of physical harm to others,' and is therefore a `crime of violence,' comes down to a policy judgment."  Id. at 733.  A narrow interpretation was important because of the inherent tendency of the career offender provision to "impose severe punishments at sudden and arbitrary junctures, in contrast to the carefully constructed, graduated scheme of sentencing reflected in the Guidelines."  Id. at 732 (footnote omitted).  Reviewing section 924(e) of the Armed Career Criminal Act, the court explained that Congress expressly stated in section 924(e)(2)(B)(ii) that all burglaries involve conduct that presents a serious potential risk of physical injury to another. Id.  The Sentencing Commission had obviously declined to adopt that view.  Id. at 733.  The Commission's definition conspicuously omitted burglary, with the single exception of burglary of a dwelling, and from 1989 to the present, the Commission has retained the distinction between section 4B1.2 and section 924(e).  Id.

_____

[3]Relying primarily on Smith, other circuits have interpreted section 4B1.2 to exclude commercial burglaries.  See, e.g., United States v. Spell, 44 F.3d 936, 938 (11th Cir. 1995) (per curiam) (holding that "[b]y explicitly including the burglary of a dwelling as a crime of violence, the Guidelines intended to exclude from the violent crime category those burglaries which do not involve dwellings and occupied structures"); United States v. Harrison, 58 F.3d 115, 119 (4th Cir. 1995) (stating that burglaries of commercial structures do not qualify as crimes of violence); United States v. Jackson, 22 F.3d 583, 585 (5th Cir. 1994) (holding that burglary of a house vacant for seven years did not pose a "serious potential risk of physical injury" and was not a crime of violence because "when a burglary of a building is involved, it cannot be said that there is always a substantial risk that force will be used").

The Tenth Circuit found support in the fact that the Sentencing Commission failed to adopt a proposed 1992 amendment to section 4B1.2, which would have deleted the term "of a dwelling" from the guideline.[4]  Smith, 10 F.3d at 733.  However, the 1989 amendment to the guideline deleted an example in the Application Notes which expressly excluded commercial burglary.[5]  In addition, the Commission failed to adopt a 1993 proposed amendment that would have embraced the Tenth Circuit's interpretation of section 4B1.2.[6] We fail to see how the Commission's inconsistent path supports a particular view on this issue.  Neither the original version of the guideline, nor the proposed amendments, provide assistance in our analysis.  Cases applying the original version are similarly unpersuasive.  See, e.g., United States v. Talbott, 902 F.2d 1129, 1133 (4th Cir. 1990).

We believe the Smith interpretation of section 4B1.2 fails to accept the identity of the otherwise clauses in section 924(e) and section 4B1.2.  As we have said, second-degree burglary poses a "serious potential risk for physical injury."  We choose not to

---

[4]The 1992 proposal recommended deleting the words "of a dwelling" in order to include all burglaries.  57 Fed. Reg. 62,832, 62,856-57 (proposed Dec. 31, 1992).  The Commission proposed this change to conform the definition of a crime of violence in the career offender guideline to the statutory definition in the armed career criminal guideline.  Id.

[5]The original version of the Application Notes to section 4B1.2 specifically excluded burglary of a commercial building.  The Application Note stated:  "Conviction for burglary of a dwelling would be covered; conviction for burglary of other structures would not be covered."  See USSG App. C., amendment 268.  The 1989 amendment deleted this example.  Id.

[6]In 1993, the Commission recognized the split between the circuits and proposed that the Application Notes to section 4B1.2 be changed to read:  "The term `crime of violence' includes burglary of a dwelling (including any adjacent outbuilding considered part of the dwelling).  It does not include other kinds of burglary."  58 Fed. Reg. 67,522, 67,533 (proposed Dec. 21, 1993).  Again, this proposal was not adopted.

adopt a reading of section 4B1.2 that is inconsistent with our understanding of the identically worded otherwise clause in section 924(e).

The reasoning in <u>Fiore</u> is most convincing, and we accept it in preference to that in <u>Smith</u> and those circuits adopting its approach. Further, the analysis in <u>Fiore</u> is consistent with our earlier cases, which are binding on us. <u>See</u> <u>United States v. Olness</u>, 9 F.3d 716, 717 (8th Cir. 1993), <u>cert denied</u>, 114 S. Ct. 1326 (1994).

We conclude that the district court properly classified Hascall's two second-degree burglaries as crimes of violence under section 4B1.2. His two prior convictions satisfy the final requirement of the section 4B1.1 career offender provision. Accordingly, we affirm the judgment of conviction and the sentence imposed by the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.