_____

No. 95-3787
_____

United States of America,        *
                                 *
    Plaintiff - Appellee,         *
                                 *  Appeal from the United States
    v.                            *  District Court for the
                                 *  Eastern District of Missouri.
Rodney R. Johnson,               *
                                 *    **[UNPUBLISHED]**
    Defendant - Appellant.        *
                           _____

                 Submitted: April 9, 1996

                     Filed: May 21, 1996
                           _____

Before MAGILL, Circuit Judge, HENLEY, Senior Circuit Judge, and LOKEN,
     Circuit Judge.
                           _____

PER CURIAM.


    Rodney R. Johnson, a young man with an extensive criminal record, was
arrested at a residence where cocaine, marijuana, drug paraphernalia, and
two firearms were found.  Indicted on drug and firearm charges, Johnson
pleaded guilty to being a felon in possession of a firearm in violation of
18 U.S.C. § 922(g).  He now appeals his sixty month prison sentence.  We
affirm.


    As part of his plea agreement, Johnson and the government entered
into a Stipulation of Facts Relative to Sentencing.  The Stipulation
recited Johnson's relevant prior convictions and stated:  "The Government
agrees there is no readily provable relevant conduct under Section 1B1.3
of the Sentencing Guidelines.  In return for this consideration, the
defendant Rodney Johnson agrees that his [base] offense level is Level 20
under the

Sentencing Guidelines [and] his Criminal History Category is Category VI." Based upon this Stipulation, at Johnson's change-of-plea hearing the district court[1] advised:

> Now, we have agreed that your base offense level will be 20. It will be reduced to 18, because you are going to get a two level downward adjustment for acceptance of responsibility. And your criminal history category is [VI]. So . . . the range of the punishment with respect to incarceration is 57 months to 71 months. Now, this means I could sentence you to 57 months. It also means I could sentence you to 71 months. Or I could sentence you to some point between 57 and 71 months. Do you understand that that is the range of the punishment in this case?
>
> THE DEFENDANT: Yes, sir.

The parties in stipulating to Johnson's base offense level concluded that his prior conviction for burglary of a commercial building was a crime of violence under U.S.S.G. § 4B1.2(1)(ii), which made him subject to a career offender enhancement. However, Johnson's presentence investigation report (PSR) disagreed with that conclusion and therefore recommended a base offense level of fourteen and a Guidelines sentencing range of 30-37 months in prison. Nevertheless, the district court at sentencing held that the proper range was 57-71 months because Johnson had agreed to that sentencing range in his Stipulation and specifically at his plea hearing, and also because his extensive criminal history at a young age warrants an upward departure. Therefore, the court sentenced Johnson to sixty months in prison.

On appeal, Johnson argues (1) that his plea Stipulation did not bind the sentencing judge and therefore the district court was obliged to sentence Johnson in accordance with the correct base offense level in the PSR, rather than the incorrect base offense

---

[1]The HONORABLE STEPHEN N. LIMBAUGH, United States District Judge for the Eastern District of Missouri.

level agreed to in the Stipulation; and (2) that the district court's alternative rationale will not sustain Johnson's sentence because his criminal history is not sufficiently unusual in kind or degree to warrant an upward departure.

After the briefs were filed but before oral argument, this court held in United States v. Hascall, 76 F.3d 902 (8th Cir. 1996), that burglary of a commercial building is a crime of violence as defined in § 4B1.2(1)(ii). In other words, Hascall confirms that Johnson's Stipulation as to base offense level was predicated on a correct application of the career offender guideline, whereas the base offense level determination in his PSR was incorrect. Hascall did not reflect a change in the Guidelines or in their interpretation; it simply resolved an open issue in this Circuit. Therefore, if we were to agree with Johnson's contentions on appeal and remand for resentencing, Hascall would define the law applicable at that resentencing.

At oral argument, counsel for Johnson conceded that Johnson does not seek resentencing if Hascall will apply. Accordingly, we affirm.

A true copy.

Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-