# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4225

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States District |
| | * | Court for the Northern District of Iowa. |
| Anton Fabian Stevens, also known as | * | |
| Tony Stevens, also known as Tommy | * | |
| Stevens, | * | |
| | * | |
| Appellant. | | |

_____

Submitted: April 14, 1998
Filed: June 10, 1998

_____

Before WOLLMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

BEAM, Circuit Judge.

Anton Stevens appeals his conviction and sentence on drug charges.  We affirm.

## I.    BACKGROUND

Stevens was arrested in an undercover investigation that targeted drug activities in Iowa.  Law enforcement officers secretly taped telephone conversations in which Stevens arranged drug sales.  An undercover drug enforcement agent set up two

controlled purchases during which Stevens produced crack cocaine and offered it for sale. One of Stevens's accomplices, Kimberly Williams, pleaded guilty and cooperated with the government. At trial, the government introduced the tapes, the drugs, and the testimony of the undercover agent and Williams. The jury convicted Stevens of conspiring to distribute and distributing cocaine base.

After his conviction, Stevens retained a new lawyer and moved for a new trial. He claimed that trial counsel failed to conduct a sufficient investigation, failed to introduce certain evidence at trial, and failed to adequately advise Stevens about the advantages of pleading guilty and the risks of going to trial. The district court[1] held a two-day hearing on this motion at which Stevens, trial counsel, and several other witnesses testified. The court denied the new trial motion, noting that it didn't "even think [it was] a close issue."

At sentencing, the district court classified Stevens as a career criminal offender pursuant to section 4B1.1 of the U.S. Sentencing Guidelines and imposed a sentence of 235 months. Stevens appeals.

## II.    DISCUSSION

### A.    New Trial Motion

It is well established in this circuit that ineffective assistance of counsel claims should generally be raised in collateral post-conviction proceedings where the record can be developed to examine counsel's performance. See United States v. Sanchez, 927 F.2d 376, 378 (8th Cir. 1991) (per curiam). In this case, however, the district court's hearing on the new trial motion created an adequate record for us to consider

---

[1]The Honorable Michael J. Melloy, Chief United States District Judge for the Northern District of Iowa.

this claim on direct appeal. See United States v. Smith, 62 F.3d 1073, 1078 (8th Cir. 1995), cert. denied, 516 U.S. 1098 (1996).

In order to establish ineffective assistance of counsel, Stevens must show that counsel's performance fell below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Stevens has established neither. First, as to the reasonableness of counsel's performance, we have carefully reviewed the record of both the trial and the post-trial hearing. Faced with overwhelming evidence of Stevens's guilt, not only was counsel's performance objectively reasonable, it was laudable. Secondly, Stevens has not proved prejudice. There is no indication from the record that the result would have been different if Stevens's counsel had performed exactly as requested by Stevens.

Stevens also claims that counsel was ineffective in failing to advise him of the advantages of pleading guilty. Strickland's two-part test applies to ineffective assistance claims arising out of the plea process. See Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995). Even if counsel's performance were somehow inadequate, Stevens failed to establish that there was any reasonable probability that he would have acknowledged his guilt had he been properly advised about the risks of trial. See id. When he took the stand at the post-trial hearing on his new trial motion, Stevens maintained his innocence. Thus, Stevens has failed to show any prejudice and the district court did not err in refusing to grant him a new trial.

## B.     Career Criminal Offender Classification

Stevens next argues that the district court erred in sentencing him as a career criminal offender. A district court's "determinations with respect to the offenses in a criminal history computation are factual determinations and are subject to a clearly

erroneous standard of review." United States v. Covington, 133 F.3d 639, 642 (8th Cir. 1998) (quotation omitted).

Stevens asserts that one of his predicate offenses, a third-degree burglary committed in Iowa, should not have been considered in assigning the career offender status. He argues that since the burglary involved a commercial building and no actual violence was involved, this offense was not a "crime of violence" as defined by section 4B1.1 of the Sentencing Guidelines. This position is foreclosed by cases holding that the burglary of non-residential property qualifies as a crime of violence. See, e.g., United States v. Fountain, 83 F.3d 946, 950 (8th Cir.) (burglary of a garage), cert. denied, 117 S. Ct. 2412 (1996); United States v. Hascall, 76 F.3d 902, 904-05 (8th Cir.) (burglary of commercial building), cert. denied, 117 S. Ct. 358 (1996). These cases reason that "burglary of a commercial building poses a potential for episodic violence so substantial as to be a crime of violence." Hascall, 76 F.3d at 905 (quotation omitted).

Stevens attempts to distinguish these cases on the ground that they dealt with convictions for second-degree burglary while his prior conviction is for third-degree burglary. However, we have adopted a "generic definition of burglary" for purposes of applying section 4B1.1. Id. That means that "[i]t is the generic elements of burglary that matter—unlawful entry into a building to commit a crime—not the details of particular state statutes or the special circumstances of individual cases." United States v. Reynolds, 116 F.3d 328, 329 (8th Cir. 1997). The fact that Iowa has chosen to designate Stevens's offense as a burglary of the third degree does nothing to change the generic elements of the crime of burglary. See Taylor v. United States, 495 U.S. 575, 599 (1990). Nor does Iowa's designation of Stevens's crime as third-degree burglary end the "potential for episodic violence" which motivated our decision in cases like Hascall. 76 F.3d at 905. We find that Stevens's third-degree burglary conviction is a qualifying offense under section 4B1.1 of the Sentencing Guidelines.

## III.  CONCLUSION

We have considered the remainder of Stevens's arguments and find them without merit.  Stevens's conviction and the sentence imposed by the district court are affirmed.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.