# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-4238

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Northern District of Iowa. |
| Christopher Odell Tate, also known | * |
| as Odell Day, | *     [UNPUBLISHED] |
| | * |
| Appellant. | * |

_____

Submitted: July 22, 1998
Filed: July 28, 1998

_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Christopher Odell Tate pleaded guilty to distributing cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Based on prior convictions for a drug offense and two attempted burglaries of commercial buildings, he was determined to be a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (1997), and the district court[1] sentenced him as such to 168 months imprisonment and six years supervised

_____

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

release.  On appeal, Tate maintains that his 1985 and 1992 attempted-burglary convictions were not crimes of violence, and thus were not proper predicate offenses under section 4B1.1.  We affirm.

We review de novo the district court's application of the Guidelines.  See United States v. Hascall, 76 F.3d 902, 903-04 (8th Cir. 1995), cert. denied, 117 S. Ct. 358 (1996).  In reviewing a similar issue under Iowa law, we held in Hascall that second-degree burglary of a commercial building is an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," and thus is a crime of violence.  See Hascall, 76 F.3d at 904-06; see also U.S. Sentencing Guidelines Manual § 4B1.2(a)(2) and comment. (n.1) (crime of violence includes attempts to commit qualifying crimes) (1997).  Prior to Hascall, however, we had concluded that second-degree burglary as defined by Iowa law corresponded to the generic definition of burglary set forth in Taylor v. United States, 495 U.S. 575, 598-99 (1990) (defining burglary as crime involving, inter alia, unlawful entry into building or structure), and thus such a conviction was properly determined to be a crime of violence.  See United States v. Carpenter, 11 F.3d 788, 790-91 (8th Cir. 1993), cert. denied, 511 U.S. 1043 (1994).  We must therefore now consider whether the Illinois statute under which Tate was convicted in 1985 comports with Taylor before we can determine whether Tate's offense was a crime of violence.

The Illinois statute provides that "[a] person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle . . ., railroad car, or any part thereof, with intent to commit therein a felony or a theft."  720 Ill. Comp. Stat. Ann. 5/19-1(a) (West 1998).  As noted by the Seventh Circuit, this statute is broader than the generic definition of burglary in Taylor because a "person could commit burglary . . . without ever entering a building or structure."  See United States v. King, 62 F.3d 891, 897 (7th Cir. 1995).  The Seventh Circuit also noted, however, that where a defendant (convicted under section 19-1) did enter a building, "all of the elements of generic

burglary were present." Id. We conclude that, because Tate pleaded guilty to violating section 19-1 and the record recounts that video surveillance showed Tate was inside the building, this conduct qualified as a crime of violence.

As the 1985 attempted-burglary conviction was a proper predicate offense, and Tate does not contest the use of his prior drug conviction, we conclude that it is unnecessary to determine whether the other attempted-burglary conviction was a crime of violence. See U.S. Sentencing Guidelines Manual § 4B1.1 (defendant need have only two prior convictions for either crime of violence or controlled-substance offense to qualify as career offender) (1997).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.