# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-3971

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Richard Charles Besk, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 5, 1999
Filed: May 26, 1999

_____

Before FAGG, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Richard Charles Besk pleaded guilty to two counts of bank robbery by force, in violation of 18 U.S.C. § 2113(a). Based on prior convictions for a second degree assault, and for burglary, second degree burglary, and attempted second degree burglary of commercial buildings, the district court[1] determined Besk to be a career offender under United States Sentencing Guidelines Manual § 4B1.1 (1997), and

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

sentenced him as such to 151 months imprisonment and three years supervised release. On appeal, Besk challenges his classification as a career offender.

We review de novo the district court's application of the Guidelines. <u>See</u> <u>United States v. Hascall</u>, 76 F.3d 902, 904 (8th Cir.), <u>cert. denied</u>, 519 U.S. 948 (1996). A defendant is a career offender if 1) he was at least eighteen when he committed the instant offense, 2) the instant offense of conviction is a felony that is a drug offense or crime of violence, and 3) the defendant has at least two prior felony convictions for drug offenses or crimes of violence. <u>See</u> USSG § 4B1.1.

We conclude the district court properly sentenced Besk as a career offender. First, it is undisputed that he was at least eighteen when he committed the instant offenses. Second, Besk's instant offenses under section 2113(a) are crimes of violence. <u>See</u> <u>United States v. Wright</u>, 957 F.2d 520, 521 (8th Cir.) , <u>cert. denied</u>, 506 U.S. 856 (1992). Third, the district court did not clearly err in determining that Besk's prior convictions for burglary, second degree burglary, and attempted second degree burglary of commercial buildings qualified as predicate crimes of violence. <u>See</u> <u>United States v. Stevens</u>, 149 F.3d 747, 749 (8th Cir.) (standard of review; concluding third-degree burglary qualified as predicate crime of violence, as it fit within generic definition of burglary court has adopted for purposes of applying § 4B1.1), <u>cert. denied</u>, 119 S. Ct. 527 (1998); <u>Hascall</u>, 76 F.3d at 904-05 (second-degree burglary of commercial building is offense that "otherwise involve[s] conduct that presents a serious potential risk of physical injury to another," and thus is a crime of violence (internal quotations omitted)); <u>see also</u> USSG § 4B1.2(a)(2) and comment. (n.1) (crime of violence includes attempts to commit qualifying crimes). Though other circuits may hold a different view regarding commercial burglaries, our court has clearly held them to be crimes of violence, and any difference in views between the circuits on the issue is grist for the Supreme Court's mill.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.