# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1938

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Angela Euans, also known as | * | Northern District of Iowa |
| Angela Mangine, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 16, 2001

Filed: April 3, 2002

_____

Before HANSEN,[1] Chief Judge, and McMILLIAN and  BEAM, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Angela Mangine ("defendant") was charged in one count of a five-count superseding indictment with conspiring to distribute methamphetamine within 1,000 feet of a protected location.  Defendant pled guilty to 21 U.S.C. § 846, the conspiracy offense, but reserved the issue of whether she had violated 21 U.S.C. § 860, the protected location offense.  The case proceeded to a combined bench trial and sentencing hearing, in which the district court found "that the government ha[d]

_____

[1]The Honorable David R. Hansen became Chief Judge of the United States Court of Appeals for the Eighth Circuit on February 1, 2002.

proven beyond a reasonable doubt that the conspiracy in this case involving [defendant] occurred within 1,000 feet of a school, and, therefore, [that] the school zone enhancement under 21 U.S.C. § 860 applie[d]." The district court accordingly sentenced defendant pursuant to the federal sentencing guidelines, including U.S.S.G. § 2D1.2(a)(2), the enhancement for drug violations occurring near protected locations. Defendant now appeals from the final judgment entered in the United States District Court[2] for the Northern District of Iowa enhancing her sentence for distributing methamphetamine within 1,000 feet of a protected location. For reversal, defendant argues that the district court erred by increasing her sentence by one offense level pursuant to U.S.S.G. § 2D1.2(a)(2) because the government did not prove beyond a reasonable doubt that she actually distributed methamphetamine within 1,000 feet of a protected location in violation of 21 U.S.C. § 860. For the reasons expressed below, we affirm the judgment of the district court.

Jurisdiction in the trial court was proper pursuant to 18 U.S.C. § 3231. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(b)(1). Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1291 (review of final decisions) and 18 U.S.C. § 3742(a) (review of sentencing decisions).

## I. Background

On February 9, 2000, defendant and her husband, Robert Mangine ("Robert"), were named in a five-count indictment. Counts one, four, and five pertained to both defendant and Robert; the remaining counts pertained only to Robert. Count one charged that, from January 1997 through February 1999, defendant and Robert were engaged in a criminal conspiracy in violation of 21 U.S.C. § 846, and that the object of that conspiracy was the distribution of methamphetamine in violation of 21 U.S.C.

---

[2]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa.

§ 841. Count four charged that, from January 1998 through January 1999, defendant and Robert were engaged in a criminal conspiracy in violation of 21 U.S.C. § 846, the object of which was the distribution of 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841, and that this violation of the federal drug laws occurred within 1,000 feet of Fredericksburg High School, in violation of 21 U.S.C. § 860. Count five charged that, on or about November 7, 1999, defendant and Robert possessed with intent to distribute 20.85 grams of methamphetamine in violation of 21 U.S.C. § 841.

On March 9, 2000, a superseding indictment amended count four to add that the offense also occurred within 1,000 feet of Fredericksburg Elementary School, in addition to Fredericksburg High School.

On October 12, 2000, defendant pled guilty to count four of the superseding indictment, but reserved the right to challenge the 21 U.S.C. § 860 element of the count. Defendant did not deny that the object of the conspiracy was to distribute methamphetamine or even that the conspiracy took place within 1,000 feet of a protected location. Rather, she argued that her role in the drug distribution conspiracy did not actually include distributing drugs and that she therefore could not be sentenced for any crime requiring proof that she actually distributed drugs. The parties agreed to a combined bench trial and sentencing hearing to determine whether 21 U.S.C. § 860 applied (and by extension, whether U.S.S.G. § 2D1.2(a)(2) applied). The government dismissed all of the remaining counts of the superseding indictment as to defendant.

On January 8, 2001, the bench trial and sentencing hearing was held on the § 860 facet of the conspiracy charge. The evidence was uncontroverted that the distance between the front door of the apartment that defendant and Robert rented and Fredericksburg High School was approximately 530 feet, and the distance between

the front door of the apartment and Fredericksburg Elementary School was approximately 810 feet.

The government introduced evidence which showed that, since 1998, law enforcement officers had observed a high volume of known drug users entering and leaving defendant's apartment. In December 1998, when law enforcement officers began searching the garbage at the residence, they seized marijuana, drug paraphernalia, the phone number of a known drug distributor from Des Moines, Iowa, named Suey Cavan, phone records showing calls placed to Cavan from defendant's apartment, and an envelope marked "$10,575."

Deputy Sheriff Kevin Rieck of the Chickasaw County Sheriff's Office in New Hampton, Iowa, testified that he had been involved in the investigation of the narcotics activity of defendant and Robert since February 1998. Rieck testified that, on January 14, 1999, officers from the Chickasaw County Sheriff's Office executed a search warrant and seized drug paraphernalia, ammunition for handguns, and a stolen shotgun from the apartment. The officers also searched defendant's purse and seized papers listing names, badge numbers, radio frequencies, and radio codes used by law enforcement. Defendant's financial records seized from the apartment revealed that defendant paid bills totaling more than $5,000 in cash, and deposited more than $6,600 in cash into her checking account over a six-month period when she and Robert were both unemployed. Special Agent Scott Green of the Iowa Division of Narcotic Enforcement, who was also assigned to the investigation and worked with Rieck in obtaining the warrant to search the apartment, corroborated Rieck's testimony regarding the evidence seized in the search on January 14, 1999. Rieck testified that he arrested defendant that same morning based on the evidence seized during the search.

Defendant did not contest at the bench trial that drugs were distributed from her apartment or that she was involved, at some level, with that distribution. Defendant

admitted that she collected money for drugs while she was at the apartment. Deborah Moore, defendant's mother, testified that when she visited her daughter's apartment she observed people going with Robert into their bedroom to buy drugs, but that defendant would not accompany them into the bedroom. Defendant also denied that she had ever gone into the bedroom while drug transactions were taking place or that she had ever personally distributed drugs to anyone that came to the apartment. Defendant denied that she had ever packaged any of the drugs. Defendant said that she felt coerced by Robert to do what he asked her to do.

The government presented numerous witnesses at the bench trial to support its theory that defendant actually distributed methamphetamine from the apartment and to challenge defendant's characterization that her role in the drug conspiracy was minimal. Jody Van Horn testified that she and Robert's father, Bob Zoll, often went to the apartment to buy drugs. Van Horn testified that, although defendant did not sell drugs to them in plain view of her, she did see defendant accompany Robert into the bedroom when drug transactions were taking place. Jeanne Kuker testified that she had bought methamphetamine from defendant in the apartment whenever Robert was not present, and from both defendant and Robert when he was present. Kuker further testified that defendant weighed the methamphetamine and packaged it in plastic bags before selling it. Kuker testified that she saw defendant personally sell drugs to other people, as well. Chad Mikesh testified that he purchased marijuana from defendant in the apartment "quite a few times," and that one of defendant's roles in the drug distribution conspiracy was to collect money for drugs sold in the apartment.

Additionally, defendant admitted that she regularly drove Robert around her neighborhood to distribute drugs to the homes of drug users who also lived within 1,000 feet of Fredericksburg High School and Fredericksburg Elementary School. Further, defendant confirmed that she drove Robert to Des Moines to pick up drugs from Cavan approximately ten times. Defendant testified that she also went twice to

Des Moines to pick up the drugs with Mikesh instead of Robert because there was a warrant out for Robert's arrest. The first time defendant went to Des Moines without Robert, she succeeded in purchasing and subsequently delivering the drugs to Robert as planned. The second time, she was arrested before she was able to purchase the drugs. Defendant testified that, when she was questioned by police in conjunction with that arrest, she confessed that she was in Des Moines to pick up drugs and that she had done so several times in the past. In a written statement to law enforcement on December 3, 1999, defendant stated that she had personally purchased methamphetamine from Cavan on at least ten different occasions, and believed she was personally responsible for five to six pounds of methamphetamine over the course of the conspiracy. The evidence also showed that, after Robert was incarcerated, defendant borrowed $3,000 from Mikesh to buy drugs from Cavan that she intended to sell as part of the continuing drug distribution conspiracy.

Based on the evidence adduced at the bench trial, the district court found that the government had proven beyond a reasonable doubt that defendant distributed drugs as part of the conspiracy; that she did so in the apartment, which was within 1,000 feet of a protected location; and that she could accordingly be sentenced as though she was convicted of 21 U.S.C. § 860 as well as § 846.

In accordance with U.S.S.G. § 2D1.1, the parties stipulated to a base offense level of level 34. The district court ruled that defendant qualified for a two-level decrease for her minor role in the offense pursuant to U.S.S.G. § 3B1.2(b), finding that Robert probably coerced her into participating in the conspiracy. The district court then determined that the firearm enhancement pursuant to U.S.S.G. § 2D1.1 did not apply because the firearms in question belonged to Robert only and defendant did not ever use or carry them. The district court decreased the offense level by another three levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Pursuant to U.S.S.G. § 2D1.2(a)(2), the district court added one offense level for distributing

methamphetamine within 1,000 feet of a protected location, resulting in an offense level of level 30.

The district court next assessed one criminal history point pursuant to U.S.S.G. § 4A1.2(a)(1) for defendant's prior conviction in state court,[3] and two criminal history points pursuant to U.S.S.G. § 4A1.1(d) because the instant offense was committed while defendant was on probation, putting her in criminal history category II.

Based on a total offense level of level 30 and a criminal history category of category II, the district court sentenced defendant to the mandatory minimum of 120 months imprisonment, ten years of supervised release, and a special assessment of one hundred dollars. The district court waived the fine because it determined that defendant did not have the ability to pay. The district court entered final judgment on April 13, 2001. This appeal followed.

## II. Discussion

We review *de novo* the district court's legal interpretation of the federal sentencing guidelines, see United States v. Stuckey, 220 F.3d 976, 976 (8th Cir. 2000) (Stuckey), and review the district court's factual determinations for clear error. See United States v. Stevens, 149 F.3d 747 (8th Cir. 1998).

---

[3]On October 19, 1999, defendant had pled guilty in state court to possession of marijuana, possession of drug paraphernalia, and possession of a stolen firearm. Defendant received a deferred sentence, fines and restitution, and two years of probation.

## A.

Defendant bases her appeal on the premise that the government impermissibly relied solely on her 21 U.S.C. § 846 conspiracy conviction to establish that she distributed methamphetamine near a protected location in violation of 21 U.S.C. § 860. Defendant contends that, because 21 U.S.C. § 846 is not referenced in 21 U.S.C. § 860 (whereas 21 U.S.C. §§ 841 and 856 are referenced), a conviction of 21 U.S.C. § 846 cannot be used to satisfy the foundational requirements of 21 U.S.C. § 860. Defendant argues that because the inclusion of certain provisions is tantamount to the intentional exclusion of others, Congress must have specifically intended that 21 U.S.C. § 846 not be used as a predicate offense for 21 U.S.C. § 860. See Stuckey, 220 F.3d at 985 (explaining that reference to "serious drug offense" in 18 U.S.C. § 924 was precisely defined using "listing approach," and not broadly defined using "categorical approach"). Defendant argues that the government therefore failed to carry its burden of proving beyond a reasonable doubt that she actually distributed, possessed with intent to distribute, or manufactured methamphetamine near a protected location in violation of 21 U.S.C. § 860.

The issue in this case, however, is not whether defendant was erroneously convicted of violating 21 U.S.C. § 860. First, while the district court determined that the government had proven beyond a reasonable doubt that defendant's actions were in violation of 21 U.S.C. § 860, the district court did not convict defendant of 21 U.S.C. § 860. The only conviction at issue was precipitated when defendant pled guilty to conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846. Defendant does not challenge the district court's acceptance of her guilty plea. Hence, defendant's arguments with respect to whether she was properly convicted of 21 U.S.C. § 860 are irrelevant. As the district court correctly understood, defendant's sentence (and her appeal thereof) must stem from 21 U.S.C. § 846.

**B.**

Although defendant was convicted of 21 U.S.C. § 846 rather than 21 U.S.C. § 860, the plain language of 21 U.S.C. § 846 provides that defendant also may be *sentenced* in accordance with 21 U.S.C. § 860. Section 846, addressing attempt and conspiracy to violate the federal drug laws, provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." This court has previously approved the sentencing of offenders convicted of drug conspiracies in accordance with the penalties prescribed for the substantive drug offenses which were the objects of those conspiracies, even though the offenders were not convicted of the substantive drug offenses, and even though the substantive offense statutes did not reference 21 U.S.C. § 846. See, e.g., United States v. Wessels, 12 F.3d 746, 752 (8th Cir. 1993) ("[C]onvicted drug conspirators are subject to the same penalties as those prescribed for the [underlying substantive] offense. Thus, the enhancement provision of [21 U.S.C.] § 841(b) applies whether the conviction was for violating the substantive statute or for conspiring to violate the substantive statute.") citing United States v. Askew, 958 F.2d 806, 812 (8th Cir. 1992) (same). Here, the object of the criminal conspiracy was the distribution of methamphetamine within 1,000 feet of a protected location, which is a violation of 21 U.S.C. §§ 841 and 860. Thus, pursuant to 21 U.S.C. § 846, defendant is subject to the same penalties for a conviction of 21 U.S.C. § 846 as those prescribed for 21 U.S.C. § 860. It is the role of the fact finder to weigh the evidence and determine whether defendant's conduct indeed established the elements of 21 U.S.C. § 860.

**C.**

It was not clearly erroneous for the district court to find that the government proved the elements of 21 U.S.C. § 860 beyond a reasonable doubt. The evidence

was sufficient to support the district court's conclusion that the object of the conspiracy was the distribution of methamphetamine within 1,000 feet of a protected location, and that defendant actually distributed and helped to distribute drugs within 1,000 feet of a protected location as part of this conspiracy.

The evidence was uncontroverted that defendant's apartment was located within 1,000 feet of two protected locations, and that the conspirators regularly distributed methamphetamine from within the apartment. In addition to the testimony that defendant personally packaged and distributed drugs from within the apartment and ran the conspiracy from the apartment while Robert was incarcerated, there is no dispute that defendant regularly took several other actions to further the crime of distributing methamphetamine within 1,000 feet of a protected location. For example, she took phone messages from drug suppliers in the apartment, she collected money from drug customers in the apartment, she transported Robert to customers for the purpose of selling drugs in the same neighborhood as the protected locations and her apartment, she solicited and procured loans to pay for drugs intended for sale in the apartment, and she made trips to Des Moines to receive drug shipments to sell in the apartment. It was not unreasonable for the district court to believe that the testimony of the government witnesses who said that they observed defendant packaging and selling drugs from the apartment was more credible than defendant's insistence that she did not.

**D.**

U.S.S.G § 2D1.2 provides that the sentencing court must add one additional offense level based on its determination that the offender's conduct violated a federal drug law by conspiring to distribute methamphetamine near a protected location. Because the government proved beyond a reasonable doubt that defendant conspired to commit the substantive offense of distribution of methamphetamine within the

limits of two protected locations, we conclude that district court properly applied the offense enhancement for distribution near a protected location.

## III. Conclusion

For the foregoing reasons, the decision of the district court is affirmed.

BEAM, Circuit Judge, dissenting.

As noted by the court, the defendant entered a plea of guilty to count four of the superseding indictment, but reserved the right to challenge the 21 U.S.C. § 860 element of the count. Count four charged that from January 1998 through January 1999, defendant and Robert (her spouse) were engaged in a criminal conspiracy in violation of 21 U.S.C. § 846, the object of which was the distribution of 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841, and that this violation (of section 841) of the federal drug laws occurred within 1000 feet of Fredericksburg Elementary and High School, in violation of 21 U.S.C. § 860.

In simplified language, the indictment alleged a conspiracy (section 846) the object of which was to distribute drugs (section 841) within 1000 feet of a school (section 860). Apparently, the government was concerned that its evidence would not support a jury finding by proof beyond a reasonable doubt that defendant was guilty of distribution of drugs, given that the distributor was actually her spouse. This somewhat unusual "triple whammy" form of indictment, attempting to bootstrap the defendant into a location crime (section 860) that is one step removed from the predicate offense of conspiracy (section 846), was pursued, as pointed out by defendant, because the government could not directly charge her under the statute with a violation of section 860.

-11-

"[Section] 860 requires the separate and distinct element of possession with intent to distribute within 1000 feet of a school. Thus, in order to obtain a conviction under § 860, possession with intent to distribute within 1000 feet of a school must be charged and proven by the government beyond a reasonable doubt." United States v. Gonzalez-Rodriguez, 239 F.3d 948, 953 (8th Cir. 2001). Under the plain language of the statute, a section 860 violation may not be the object of a section 846 conspiracy, contrary to the government's charges in this case. One must actually violate section 841(a)(1) or section 856 within 1000 feet of a school, or other form of public property enumerated in the statute in order to be charged and sentenced under section 860.

Even though section 846 applies to "[a]ny person who attempts or conspires to commit any offense defined in this subchapter," this language does not subsume section 860. The definition of section 860 explicitly extends only to violations of sections 841(a)(1) or 856, which must be charged and proven. Here, the government dismissed the remaining count of the superseding indictment charging the defendant with intent to distribute a controlled substance, seemingly because the evidence would not support such a charge. *A fortiori*, the defendant may not be sentenced as though she distributed a controlled substance. However, the district court sentenced the defendant as though she were so charged and convicted. I find no lawful basis for this approach. Drug crime sentences are onerous enough under a proper use of the sentencing guidelines. We should not allow the government to use creative pleading to obtain measures of punishment beyond the guideline's scope.

Accordingly, I dissent.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.