# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1841

_____

United States of America,

   Plaintiff-Appellee,

v.

Jeffrey Robert Behle,

   Defendant-Appellant.

*
*
*
*
*
*
*
*
*
*

Appeal from the United States
District Court for the
Southern District of Iowa.

[UNPUBLISHED]

_____

Submitted: November 15, 2004
Filed: November 22, 2004

_____

Before SMITH, LAY, and BENTON, Circuit Judges.

_____

PER CURIAM.

  Defendant Jeffrey Robert Behle (Behle) pled guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1) and 846. According to a negotiated plea agreement, the quantity of drugs was determined by the district court at sentencing. Based on the testimony of a cooperating witness, Karen Cash (Cash), the district court found that the quantity of drugs exceeded 500 grams and sentenced Behle to the applicable statutory minimum of 120 months and a five-year term of supervised release. Behle now appeals his sentence. We affirm.

In the plea agreement, Behle admitted to a quantity of at least fifty grams but less than 500 grams of a methamphetamine mixture. The pre-sentencing report determined that the quantity attributable to Behle was 890.9 grams. Behle objected to the additional quantity beyond 500 grams. At the sentencing hearing, Cash testified that, as part of the conspiracy, Behle retrieved and held approximately two pounds of methamphetamine for her after she was arrested and then subsequently returned one pound to her. Behle insists that he was only in possession of one pound of methamphetamine. Behle further argues that Cash lacks credibility because of her multiple criminal convictions, her motivation to testify in return for a reduced sentence, and because she was previously found not credible in an unrelated criminal proceeding. Additionally, Behle argues that Cash's story is inconsistent with her testimony before the grand jury.

On appeal, a district court's interpretation of the Sentencing Guidelines is a question of law subject to *de novo* review, while its factual determinations are subject to review only for clear error. *United States v. Euans*, 285 F.3d 656, 661 (8th Cir. 2002). A district court's determination as to the credibility of a witness is virtually unreviewable on appeal. *United States v. Martin*, 28 F.3d 742, 745-46 (8th Cir. 1994) (citation omitted). The amount of weight the district court decides to place on a witnesses' testimony can almost never be clear error unless there is extrinsic evidence that contradicts the witnesses' story or the story is so internally inconsistent or implausible on its face that no reasonable fact-finder would credit it. *United States v. Heath*, 58 F.3d 1271, 1275 (8th Cir. 1995) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 575-76 (1985)).

At sentencing, the district court was aware of Cash's previous criminal convictions, that she had been found not credible in other criminal proceedings, and the content of Cash's testimony before the grand jury. The district court allowed Behle to call Cash's cousin, who testified as to Cash's reputation for dishonesty. After hearing the witnesses and considering all of the evidence, the district court

ultimately determined that Cash's testimony was sufficiently credible to attribute the additional quantity of methamphetamine to Behle. Applying the deferential standard of review to the district court's determination of witness credibility, we cannot conclude that the district court was clearly erroneous.

The district court is AFFIRMED.

_____