# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3570

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Robert J. Lacher, | * | |
| | * | [Unpublished] |
| Appellant. | * | |

_____

Submitted: April 7, 2005
Filed: April 13, 2005

_____

Before BYE, RILEY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Robert Lacher challenges the sentence the district court[1] imposed after he pleaded guilty to a felon-in-possession charge. He argues that (1) Blakely v. Washington, 124 S. Ct. 2531 (2004), precluded the district court from finding that his second-degree burglary conviction of a commercial building was a crime of violence; and (2) the conviction is not a crime of violence, and this court

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

should revisit <u>United States v. Hascall</u>, 76 F.3d 902 (8th Cir.) (holding burglary of commercial structure is crime of violence), <u>cert. denied</u>, 519 U.S. 948 (1996).

These arguments fail. During the pendency of this appeal, the Supreme Court held in <u>United States v. Booker</u>, 125 S. Ct. 738, 756, 765-67 (2005), that the reasoning in <u>Blakely</u> applies to the federal Sentencing Guidelines, and therefore that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Thus, the Court reaffirmed that, consistent with the Sixth Amendment, a court may find the fact of a prior conviction, <u>see</u> <u>id.</u> at 756, and the fact of a prior conviction includes the determination whether the conviction is of a type that enhances the defendant's sentence, <u>see</u> <u>United States v. Kempis-Bonola</u>, 287 F.3d 699, 703 (8th Cir. 2002). We also find that the court properly determined that Lacher's conviction was a "crime of violence," <u>see</u> <u>Hascall</u>, 76 F.3d at 904 (second-degree burglary of commercial building "involves conduct that presents a serious potential risk of physical injury to another" and is therefore a crime of violence), and only this court en banc may revisit its holding in <u>Hascall</u>, <u>see</u> <u>United States v. Yell</u>, 18 F.3d 581, 583 (8th Cir. 1994). Lacher raises no argument based on <u>Booker</u> that the sentence imposed was unreasonable.

Accordingly, we affirm.

_____