**UNITED STATES of America, Appellee,**

**v.**

**Archie Eugene CARPENTER, Appellant.**

**No. 93–1908.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1993.

Decided Dec. 10, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Jan. 19, 1994.

Frank Steinbach III, Des Moines, IA; argued, for appellant.

Lester A. Paff, Asst. U.S. Atty., of Des Moines, IA, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, CAMPBELL,* Senior Circuit Judge, and LOKEN, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

Archie Carpenter has been convicted of three counts of distribution of lysergic acid diethylamide (LSD) and one count of conspiring to distribute the same drug, in violation of 21 U.S.C. §§ 841(a)(1), 846. Carpenter appeals three of the District Court's[1] rulings: (1) the allowance into evidence of a co-conspirator's prior criminal history; (2) the denial of the defendant's motion for judgment of acquittal; and (3) the finding that Carpenter was a career offender under United States Sentencing Guidelines § 4B1.1. We affirm.

I.

We state the facts in the light most favorable to the verdict of the jury. In the spring of 1991, Archie Carpenter and Robert Johnston entered into an agreement to distribute LSD. Johnston testified that Carpenter would buy LSD, give it to Johnston to sell, and then receive a percentage of the profits from the sales. Carpenter bought his LSD from John and James Irvin. Johnston and Robert Stoneking testified that on separate occasions they had seen Carpenter enter the Irvins' house without any drugs and then leave with LSD. Stoneking testified that he saw Carpenter with plastic bags similar to the LSD packages he, Stoneking, received when he bought LSD from John Irvin. Stoneking also testified about his own prior criminal convictions. During cross-examination of Stoneking, Carpenter's attorney further questioned Stoneking about his prior bad acts and convictions.

Additional evidence, consisting of photographs and eyewitness testimony, placed Carpenter at a Hy–Vee parking lot when Johnston sold LSD to an undercover agent. Moreover, Carpenter's fingerprints were found on four plastic bags which contained LSD. The jury found Carpenter guilty of one count of conspiracy to distribute and three counts of distribution of LSD.

During Carpenter's sentencing hearing, the United States introduced evidence of his two prior convictions: attempted breaking and entering and conspiracy to commit second-degree burglary. The District Court found these two prior convictions were crimes of violence under U.S.S.G. § 4B1.1, classified Carpenter as a career offender, and calculated Carpenter's offense level at 37, criminal history category VI. The range, therefore, was 30 years to life imprisonment. The court imposed the minimum sentence, 30 years.

II.

The defense objected to the introduction, on direct examination, of evidence of Stoneking's prior convictions and bad acts. The ground of objection stated was that this evidence was irrelevant to Carpenter's guilt or innocence. This Court stated in *United States v. Searing*, 984 F.2d 960, 965 (8th Cir.1993): "The admissibility and relevance of evidence are within the sound discretion of the district court, and that discretion is particularly broad in the context of a conspiracy trial.... We review a district court's rulings on relevance and prejudice under an abuse of discretion standard." (Citations omitted.) The evidence in question here was not irrelevant. Stoneking's criminal history showed he was familiar with the drug trade. He testified that the packages Carpenter took away from Irvin's house were similar to the packages of LSD he, Stoneking, was buying from Irvin. This evidence tended to show that Carpenter's packages also contained LSD. Moreover, evidence of Stoneking's convictions could be used to impeach his credibility, which would be to Carpenter's

---

* The Hon. Levin H. Campbell, Senior United States Circuit Judge for the First Circuit, sitting by designation.

1. The Hon. Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

advantage. The District Court did not err when it allowed Robert Stoneking's testimony about his past criminal activities and drug purchases from John Irvin.

### III.

■ The second issue is whether the District Court erred when it overruled Carpenter's motion for judgment of acquittal. Was the evidence of guilt sufficient to go to the jury? "When reviewing a jury verdict for sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict and accept all reasonable inferences supporting the conviction." *United States v. Searing, supra,* 984 F.2d at 963. Here, a rational trier of fact could have found guilt beyond a reasonable doubt. Carpenter's principal argument is that Johnston's testimony was so unreliable as to be incredible, and therefore not enough to justify a verdict of guilty. The argument is directed to the wrong forum. Matters of credibility are for the jury to decide. They have the right to accept testimony that judges might consider shaky. Moreover, as our statement of facts has shown, there was substantial evidence to corroborate what Johnston said.

### IV.

The most important issue Carpenter raises is whether the District Court erred in finding that he was a career offender under U.S.S.G. § 4B1.1. The Sentencing Guidelines direct a court to classify a defendant as a career offender, thereby greatly increasing the offense level, if

> (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1 (1992). Carpenter does not argue that the first two elements of the provision were incorrectly applied to him. He argues, instead, that his two prior convictions, conspiracy to commit second-degree burglary and attempted breaking and entering, were not crimes of violence.

A "crime of violence" is any offense which is punishable by imprisonment for more than one year and,

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (ii) is a burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(1) (1992). Note 1 of the Commentary following § 4B1.2 includes within the term "crime of violence," "aiding and abetting, conspiring, and attempting to commit" the crimes listed in U.S.S.G. § 4B1.2.

### A.

■ Carpenter first argues that his conspiracy to commit second-degree burglary was not a "burglary" as defined in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and therefore cannot be considered as a predicate offense to enhance his sentence. The Supreme Court held that the elements of burglary are "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.* at 598, 110 S.Ct. at 2158. This generic definition of burglary, made in a case arising under 18 U.S.C. § 924(e), a firearms statute, provides this Court with guidance for interpreting the meaning of the term "burglary" as used in § 4B1.2. Decisions interpreting § 924(e) should be followed in Guidelines cases, except where the plain meaning of the statute diverges from that of the Guidelines.

Carpenter was arrested for first-degree burglary and pleaded guilty to an amended charge of conspiracy to commit second-degree burglary. This Court has already held that second-degree burglary, under Missouri law, was properly counted as a "crime of violence." *United States v. Nimrod,* 940 F.2d 1186 (8th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 986, 117 L.Ed.2d 148 (1992). The Iowa charge that Carpenter pleaded guilty to includes the same elements

that *Taylor* and the Missouri statute requires: entry of a structure, intent to commit a felony, and no right, license, or privilege to do so. Iowa Code Ann. §§ 713.1, 713.5 (1981).

■ The substantive offense, second-degree burglary under Iowa law, qualifies as "generic burglary" under the *Taylor* definition. The Commentary to the Guidelines provides that conspiracy to commit burglary is the equivalent of burglary for purposes of § 4B1.2. The Commentary is authoritative and must be followed. *Stinson v. United States,* —— U.S. ——, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). There is no reason to suppose that it conflicts with any statute or with the text of § 4B1.2 itself. Carpenter cannot win this argument.

#### B.

■ Carpenter also argues that his June, 1977, conviction for attempted breaking and entering of a dwelling is not a predicate offense which could be used to determine whether he was a career offender. He contends he was not convicted of a burglary, but for an attempted breaking and entering, and that there was no violent act during the attempt. Carpenter cites a Tenth Circuit case as support for this argument: *United States v. Permenter,* 969 F.2d 911 (10th Cir. 1992).

The problem with Carpenter's reliance on *Permenter* is that enhancement of defendant's sentence in that case was sought under a different statute, 18 U.S.C. § 924. The Tenth Circuit in *Permenter* relied on its holding in *United States v. Strahl,* 958 F.2d 980 (10th Cir.1992), and in both cases that Court clearly stated that it was significant that Congress did not specifically include convictions for attempted burglary within the definition of burglary in § 924. *Permenter,* 969 F.2d at 913; *Strahl,* 958 F.2d at 985–86. The Commentary to the Sentencing Guidelines, however, does expressly include attempts within the definition of a crime of violence, and Carpenter's career-offender status was based on the District Court's interpretation of U.S.S.G. § 4B1.1, not § 924. We hold that under the Guidelines an attempt is the same as the commission of the substantive offense.

The judgment is affirmed.