48 F.3d 1223
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Jody M. BERARDI, Appellant,
v.
ANHEUSER-BUSCH, INC., a Corporation, Appellee.
 No. 94-2063.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 15, 1994.
Filed: Feb. 16, 1995.
 
 Before MAGILL and BEAM, Circuit Judges, and SHANAHAN,* District Judge.
 PER CURIAM.
 
 
 1
 Jody M. Berardi appeals the district court's[1] judgment in favor of Anheuser-Busch in this employment discrimination action, challenging two evidentiary rulings. Although we have been provided with numerous squabbles and with lengthy and detailed recitations of the facts,[2] we state only the facts necessary to frame the issues on appeal.
 
 
 2
 Berardi began working for Anheuser-Busch in 1985. She began work as a freight handler, a union hourly position. There was conflicting evidence as to whether gender-based comments and pornographic materials were prevalent in the workplace. There was also conflicting evidence as to whether female employees were given less desirable work assignments or conditions.
 
 
 3
 In 1989, Berardi attempted to move into a position as a brewing supervisor. In 1990, after obtaining a college degree and passing a series of tests and interviews, she took a job at the Research Pilot Brewery (RPB) in St. Louis. The RPB is a training brewery that prepares brewing supervisors for positions in Anheuser-Busch's other breweries. At approximately the same time that she began working at the RPB, Berardi allegedly began to receive intimidating anonymous phone calls. Also, shortly after she began working at the RPB, three hoses with which she was working "blew up." Berardi discussed the phone calls and the hose incidents with several persons, including company security, and certain precautionary action was taken. In 1991, Berardi requested a return to her previous position as a freight handler, which was denied. Shortly thereafter, Berardi was offered a position as brewing supervisor at Anheuser-Busch's Columbus brewery, which she rejected. Berardi received no other offers. She took a leave of absence in September 1991, and resigned shortly after returning to work.
 
 
 4
 Berardi filed the instant action in 1993, alleging violations of Title VII, 42 U.S.C. Sec. 2000e to Sec. 2000e-17 (1994), and the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. Sec. 213.010 to Sec. 213.030 (1983 & Supp. 1994). The district court granted Anheuser-Busch's motion in limine and excluded evidence of the unauthenticated telephone calls. The district court also excluded evidence of the work histories of other women who successfully completed the RPB program, finding such evidence to be irrelevant to Berardi's claims. The MHRA claims were tried to a jury that returned a verdict in favor of Anheuser-Busch. The district court made findings of fact and conclusions of law based on the jury verdict and entered judgment in favor of Anheuser-Busch on the Title VII claims. Berardi timely appealed, challenging the district court's exclusion of the phone calls and work histories.
 
 
 5
 We review the district court's exclusion of evidence for inadequate authentication for abuse of discretion. United States v. Hamell, 931 F.2d 466, 469 (8th Cir.), cert. denied, 502 U.S. 928 (1991); see Estes v. Dick Smith Ford, 856 F.2d 1097, 1102-03 (8th Cir. 1988) ("unfairly prevent[ing] a party from proving his case" is abuse of discretion). Admission of the phone calls required Berardi to prove that the calls were made by Anheuser-Busch employees. However, Berardi was unable to identify the caller as an Anheuser-Busch employee. The caller did not identify himself as an Anheuser-Busch employee, and Berardi could not identify the caller's voice. The contents and circumstances of the calls were also insufficient authentication. See United States v. Pool, 660 F.2d 547, 560 (5th Cir. Unit B Nov. 1981) (circumstances alone insufficient authentication). We do not consider Berardi's additional arguments that were not presented to the district court. United States v. Pugliesi, 712 F.2d 1574, 1580 (2d Cir. 1983).
 
 
 6
 We also review the exclusion of the work histories of other women in other breweries as irrelevant for abuse of discretion. United States v. Carpenter, 11 F.3d 788, 789 (8th Cir. 1993), cert. denied, 114 S. Ct. 1570 (1994). As these histories involved different persons at different facilities, we find no abuse of discretion. Schrand v. Federal Pac. Elec. Co., 851 F.2d 152, 156 (6th Cir. 1988). Extended discussion would serve no useful purpose. Accordingly, we affirm the district court without further discussion. See 8th Cir. R. 47B.
 
 
 
 *
 The Honorable Thomas M. SHANAHAN, United States District Judge for the District of Nebraska, sitting by designation
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri
 
 
 [2]
 Anheuser-Busch moves to strike the deposition testimony of Lois Daniels, Ahmad Ardekani, Albert Linnebach, Donald Burnell and Jody Berardi. We deny this motion as regards the materials appended to Berardi's "Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment" and materials accompanying the letter of March 19, 1993, to Judge Gunn from Samuel Liberman. We grant it in all other respects
 We deny Anheuser-Busch's second motion to strike in its entirety.
 We grant Berardi's motion to strike Anheuser-Busch's 28(j) response.