_____

No. 95-1626
_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *
     v.                             *
                                    *
Bobby Eugene McGee,                 *
                                    *
          Appellant.                *

_____

No. 95-1699
_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *  Appeals from the United States
     v.                             *  District Court for the
                                    *  Southern District of Iowa.
George Charles Strable, Sr.,        *
                                    *       **[UNPUBLISHED]**
          Appellant.                *

_____

No. 95-2352
_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *
     v.                             *
                                    *
Kelly Robert Hilpipre,              *
                                    *
          Appellant.                *
                                  _____

          Submitted: April 30, 1996

               Filed: May 8, 1996
                                  _____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

Bobby Eugene McGee, George Charles Strable, and Kelly Robert Hilpipre pleaded guilty in the district court[1] to conspiring to distribute and to possessing with intent to distribute cocaine, methamphetamine, and marijuana, in violation of 21 U.S.C. § 846. Hilpipre also pleaded guilty to being a felon in possession of a firearm and attempting to escape from federal custody, in violation of 18 U.S.C. §§ 922(g)(1) and 751(a). In this consolidated appeal, McGee and Strable challenge their sentences; Hilpipre challenges a proceeding collateral to his conviction. We affirm.

I.   STRABLE

At sentencing, the district court concluded that Strable is a career offender; granted him a two-level reduction for accepting responsibility; granted the government's motion for a substantial-assistance departure from the applicable Guidelines range of 168 to 210 months; found no other grounds for departure; and sentenced Strable to 114 months in prison.

Strable contends that the district court erred in treating him as a career offender. We disagree. As pertinent here, a defendant is a career offender if he has at least two prior convictions of a crime of violence. U.S.S.G. § 4B1.1. A "crime of violence" includes an offense under state law punishable by a prison term of more than a year that "is burglary of a dwelling . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2. Strable's prior conviction for attempted burglary of a commercial building qualifies as a

_____

[1]The HONORABLE RONALD E. LONGSTAFF, United States District Judge for the Southern District of Iowa.

crime of violence.  See United States v. Hascall, 76 F.3d 902, 904 (8th Cir. 1996) (burglary of commercial building seriously risks physical injury to another); United States v. Carpenter, 11 F.3d 788, 790 (8th Cir. 1993), cert. denied, 114 S. Ct. 1570 (1994) ("crime of violence" includes attempts).

Turning to Strable's remaining contentions, the district court did not clearly err in awarding Strable a two-level reduction for acceptance of responsibility, rather than a three level reduction, because he absconded for three months after agreeing to plead guilty.  See United States v. Thompson, 60 F.3d 514, 517 (8th Cir. 1995).  Strable failed to prove that he is entitled to a mitigating role reduction under U.S.S.G. § 3B1.2.  See Thompson, 60 F.3d at 517.  He did not argue to the district court that he deserves a departure under U.S.S.G. § 4A1.3 because his criminal history was overstated, and the court's failure to grant that departure was not plain error.  See Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993), cert. denied, 114 S. Ct. 887 (1994).  Finally, we may not review either the district court's discretionary refusal to depart, see United States v. Jackson, 56 F.3d 959, 960 (8th Cir. 1995), or the extent of its substantial-assistance departure, see United States v. Goodwin, 72 F.3d 88, 91 (8th Cir. 1995).

II.  MCGEE

At sentencing, the district court concluded that McGee is a career offender, granted the government's motion for a substantial-assistance departure, and sentenced him to 178 months in prison.  On appeal, McGee contends the district court erred in treating him as a career offender.  However, he does not contest use of two prior convictions for aggravated robbery and attempted arson, and in any event, his two prior attempted burglary convictions are qualifying offenses under Hascall, 76 F.3d at 903-04, and Carpenter, 11 F.3d at 790.

III. HILPIPRE

The district court granted the government's motion for a substantial-assistance departure and sentenced Hilpipre to 113 months in prison. On appeal, Hilpipre argues for the first time that his constitutional rights were violated when he was denied appointed counsel at a state court civil forfeiture hearing that Hilpipre alleges was a critical phase of his subsequent federal conviction. This issue was not raised in the district court, turns on facts not part of the district court record, and was waived by Hilpipre's guilty plea.

The judgments of the district court are affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.