_____

No. 96-2943
_____

United States of America,    *
                             *
          Appellee,          *
                             *  Appeal from the United States
     v.                      *  District Court for the
                             *  Southern District of Iowa.
Steven Alan Voshell,         *
                             *     **[UNPUBLISHED]**
          Appellant.         *

_____

               Submitted: December 23, 1996

                 Filed: January 3, 1997
_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
_____

PER CURIAM.


     Steve Alan Voshell appeals the 180-month sentence imposed by the
district court[1] after he pleaded guilty to being a felon in possession of
a firearm, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Voshell
argues that the district court erred by sentencing him under the Armed
Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), because one of his
predicate convictions--a 1984 Iowa conviction for second-degree burglary--
did not constitute a violent felony for purposes of the ACCA.  We affirm.


     Under section 924(e), a defendant convicted of being a felon in
possession of a firearm faces a minimum term of fifteen years imprisonment
if he has three prior convictions for violent felonies.  "Burglary" is
included in the definition of "violent

_____

     [1]The HONORABLE HAROLD D. VIETOR, United States District Judge
for the Southern District of Iowa.

felony."  See 18 U.S.C. § 924(e)(2)(B)(ii).  For purposes of section 924(e), the Supreme Court has defined "burglary" generically as "any crime . . . having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990).

We conclude the district court correctly sentenced Voshell as an armed career criminal.  The state charging paper and judgment indicate that Voshell pleaded guilty to a charge meeting the generic burglary definition. See United States v. Carpenter, 11 F.3d 788, 790-91 (8th Cir. 1993) (burglary offense qualified as "generic burglary" where defendant pleaded guilty to charge including entry of structure, intent to commit felony, and no right, license, or privilege to do so), cert. denied, 114 S. Ct. 1530 (1994); United States v. Cornelius, 931 F.2d 490, 494 (8th Cir. 1991); United States v. Payton, 918 F.2d 54, 55-56 (8th Cir. 1990), cert. denied, 502 U.S. 948 (1991).  We reject Voshell's contention that the government was required to offer proof of the factual basis underlying his plea.  Cf. Taylor, 495 U.S. at 600-02 (court may not conduct factual examination of underlying conviction).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.