# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3879

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Thomas Dewayne Ross, also known as | * | |
| Thomas Dwayne Ross, also known as | * | |
| Dewayne Ross, also known as Wayne, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 14, 2010
Filed: July 23, 2010

_____

Before WOLLMAN, SMITH, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Thomas Ross pled guilty to conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The district court[1] determined that Ross was a career offender within the meaning of USSG § 4B1.1 and sentenced him within the advisory guideline range to a term of 262 months' imprisonment. On appeal, Ross argues that the court committed procedural error in

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

calculating the advisory sentencing range when it concluded that he was a career offender. We affirm.

The sentencing guidelines provide that a defendant who is eighteen or older and convicted of a felony drug offense in the instant case qualifies as a career offender if he has sustained two prior convictions for either a crime of violence or a controlled substance offense. USSG § 4B1.1(a). It is undisputed that Ross had one such prior conviction, but the parties contest whether his 1994 conviction in Nebraska for attempted burglary also qualifies as a crime of violence.

The guidelines define "crime of violence" as an offense punishable by imprisonment for a term exceeding one year that "is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." *Id.* § 4B1.2(a)(2) (emphasis added). To analyze whether a particular offense falls within the "otherwise" clause, we follow a categorical approach that generally mirrors the inquiry under 18 U.S.C. § 924(e) and its similar "otherwise" clause. We ask "whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." *James v. United States*, 550 U.S. 192, 208 (2007); *see United States v. Spudich*, 510 F.3d 834, 838 (8th Cir. 2008). When a statute of conviction encompasses multiple generic crimes, and when some qualify as crimes of violence while others do not, we may apply a "modified categorical approach" to determine which portion of the statute was the basis for conviction. *Johnson v. United States*, 130 S. Ct. 1265, 1273 (2010); *United States v. Furqueron*, 605 F.3d 612, 614 (8th Cir. 2010). Under this approach, we may consult "charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." *Johnson*, 130 S. Ct. at 1273.

The district court received into evidence a charging document from Ross's attempted burglary case that alleged as follows:

> [O]n the 27th day of October, 1994, THOMAS D. ROSS . . . did . . . willfully, maliciously and forcibly attempt to break and enter into a building located at 6057 South 37th Street, in the City of Omaha, Douglas County, Nebraska, with the intent to commit a felony or with the intent to steal property of any value, the said building being occupied by Daniel Preister.

After reviewing this document, the court concluded that "there was a person there" at the location where Ross attempted to commit burglary, and that the incident thus gave rise to a "risk similar to the risk that exists when you burglarize a dwelling." S. Tr. 18. On that basis, the court found that Ross's attempted burglary qualified as a crime of violence under the "otherwise" clause of § 4B1.2(a)(2).

Nebraska law provides that a person commits burglary if he "willfully, maliciously, and forcibly breaks and enters any real estate or any improvements erected thereon with intent to commit any felony or with intent to steal property of any value." Neb. Rev. Stat. § 28-507(1). A person is guilty of an "attempt" to commit any crime, including burglary, if he "[i]ntentionally engages in conduct which, under the circumstances as he or she believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his or her commission of the crime." *Id.* § 28-201(1)(b). Nebraska has adopted the Model Penal Code definition of attempt, which requires proof of "some intentional act which would constitute a substantial step towards the completion of the crime." *State v. Sodders*, 304 N.W.2d 62, 65 (Neb. 1981). Examples of such acts include "unlawful entry of a structure, vehicle or enclosure in which it is contemplated that the crime will be committed," but also "reconnoitering the place contemplated for the commission of the crime" and "possession of materials to be employed in the commission of the crime, that are specially designed for such unlawful use or that can serve no lawful purpose of the

-3-

actor under the circumstances." *State v. Pittman*, 556 N.W.2d 276, 286 (Neb. Ct. App. 1996) (quoting Model Penal Code § 5.01(2) (1985)).[2]

Whether attempted burglary in Nebraska qualifies as a crime of violence under the "otherwise" clause of § 4B1.2 is a complicated question. In *James*, applying the categorical approach, the Supreme Court held that attempted burglary as defined by Florida law constituted a "violent felony" under 18 U.S.C. § 924(e), based on the "otherwise" clause in that statute. The Court in *James*, however, emphasized that Florida's statute required "an overt act directed toward entry of a structure," 550 U.S. at 209, and did not extend to "preparatory conduct" such as "acquiring burglars' tools or casing a structure while planning a burglary," *id.* at 202, which conduct "does not pose the same risk of violent confrontation and physical harm posed by an attempt to enter a structure illegally." *Id.* at 205. The Court declined to consider whether this

---

[2]Model Penal Code § 5.01(2) lists the following examples of conduct that constitutes "a substantial step" toward commission of a crime:

> (a) lying in wait, searching for or following the contemplated victim of the crime;
> (b) enticing or seeking to entice the contemplated victim of the crime to go to the place contemplated for its commission;
> (c) reconnoitering the place contemplated for the commission of the crime;
> (d) unlawful entry of a structure, vehicle or enclosure in which it is contemplated that the crime will be committed;
> (e) possession of materials to be employed in the commission of the crime, that are specially designed for such unlawful use or that can serve no lawful     purpose of the actor under the circumstances;
> (f) possession, collection or fabrication of materials to be employed in the     commission of the crime, at or near the place contemplated for its commission, if such possession, collection or fabrication serves no lawful purpose of the actor under the circumstances;
> (g) soliciting an innocent agent to engage in conduct constituting an element of the crime.

"more attenuated conduct" presents a potential risk of serious injury within the meaning of § 924(e).  *Id.* at 206.

We have located no decisions of the Nebraska courts that address specifically the scope of the Nebraska attempt statute as it applies to burglary offenses.  The general definition under the Model Penal Code does extend to such conduct as "reconnoitering the place contemplated for the commission of the crime" and "possession of materials to be employed in the commission of the crime, that are specially designed for such unlawful use."  *Pittman*, 556 N.W.2d at 286 (quoting Model Penal Code § 5.01(2)).  This conduct seems comparable to the "casing" of a targeted building or the acquiring of burglars' tools on which the Supreme Court reserved judgment in *James*.  550 U.S. at 202, 204-06 & n.4.  The charging document in Ross's case does not exclude the possibility that he was charged for reconnoitering or acquiring tools.  It simply alleges that Ross did "attempt" to commit the statutory elements of burglary – "willfully, maliciously, and forcibly break[] and enter[]" – without specifying the nature of the "attempt."  Therefore, if this case arose under § 924(e), we likely would be required to address whether violation of a statute that encompasses merely preparatory activity constitutes a violent felony.

This case, however, can be resolved in a more straightforward manner.  The sentencing guidelines include binding commentary that is not applicable to § 924(e).  *See United States v. Carpenter*, 11 F.3d 788, 791 (8th Cir. 1993).  The commentary governing the career-offender guideline states that "crime of violence" for purposes of § 4B1.1 "include[s] the offenses of aiding and abetting, conspiring, *and attempting to commit such offenses*."  USSG § 4B1.2, comment. (n.1) (emphasis added).  The guidelines typically establish federal definitions for the operative terms rather than incorporate wholesale the labels used by state law.  *See United States v. Ellis*, 564 F.3d 370, 372 & n.8 (5th Cir.), *cert. denied*, 130 S. Ct. 371 (2009); *United States v. Reynolds*, 116 F.3d 328, 329 (8th Cir. 1997).  By analogy to the Supreme Court's interpretation of § 924(e) in *Taylor v. United States*, 495 U.S. 575 (1990), we expect

that the Sentencing Commission meant to adopt a "generic, contemporary meaning" of "attempt" in its commentary. *See id.* at 598. The contemporary meaning of "attempt" surely includes the Model Penal Code definition adopted by Nebraska. *See id.* at 598 n.8. Thus, the guideline commentary compels the conclusion that an attempt to commit a crime of violence in Nebraska qualifies as a crime of violence under USSG § 4B1.2. *See Carpenter*, 11 F.3d at 791.

Did Ross attempt to commit a crime of violence? Ross was convicted of attempted burglary based on a charging document that alleged attempted burglary of an unspecified "building." Burglary of any structure, even one that is not a dwelling, is a "crime of violence" under the guidelines. *United States v. Stymiest*, 581 F.3d 759, 768 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 2364 (2010). While the Nebraska burglary statute extends to breaking and entering "any real estate or any improvements erected thereon," Neb. Rev. Stat. § 28-507(1), Ross's charging document establishes, under the modified categorical approach, that his 1994 attempt involved a structure. Therefore, Ross's 1994 conviction for attempted burglary is a felony conviction for a "crime of violence" under the guidelines, and the district court properly classified Ross as a career offender.

Although this court has in some cases treated the definitions of "crime of violence" under § 4B1.2 and "violent felony" under § 924(e) as interchangeable, *e.g.*, *United States v. Williams*, 537 F.3d 969, 971 (8th Cir. 2008), we have not done so with respect to the offense of attempted burglary, and this case shows that the practice of interchanging the two provisions cannot be followed universally. It may well be that most offenses will count as qualifying or non-qualifying under both provisions, but separate analysis is necessary to ensure that there is no reason for a distinction. The Supreme Court in *James* stated plainly that it was "*not bound* by the Sentencing Commission's conclusion" in § 4B1.2 when interpreting § 924(e), 550 U.S. at 207 (emphasis added), and the guidelines themselves say explicitly that "the definitions of 'violent felony' and 'serious drug offense' in 18 U.S.C. § 924(e)(2) are *not*

-6-

*identical* to the definitions of 'crime of violence' and 'controlled substance offense' used in § 4B1.1." USSG § 4B1.4, comment. (n.1) (emphasis added). We recognized long ago that there may be distinctions between § 4B1.1 and § 924(e), *Carpenter*, 11 F.3d at 791, and we do not interpret our more recent panel decisions to run contrary to the circuit precedent of *Carpenter*, the Supreme Court's declaration in *James*, and the express commentary of the Sentencing Commission. We therefore do not view our decision in this case as determining whether attempted burglary in Nebraska would qualify as a violent felony under § 924(e).

The judgment of the district court is affirmed.

_____