In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 13-1353 & 13-1441

UNITED STATES OF AMERICA,

*Plaintiff-Appellee/Cross-Appellant*,

*v.*

JUAN M. GONZALEZ-RUIZ,

*Defendant-Appellant/Cross-Appellee*.

Appeals from the United States District Court
for the Western District of Wisconsin.
No. 12-cr-28-wmc — **William M. Conley**, *Chief Judge*.

ARGUED APRIL 2, 2014 — DECIDED JULY 24, 2015

Before EASTERBROOK, MANION, and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge*. Juan M. Gonzalez-Ruiz was charged with possessing a firearm as a felon after police in Fitchburg, Wisconsin, found two handguns in his car during a routine traffic stop. He moved to suppress the guns, but the district court denied the motion, finding that he consented to the

search. Gonzalez-Ruiz then entered a conditional guilty plea, reserving the right to appeal the denial of suppression.

At sentencing the government sought an enhanced penalty under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on Gonzalez-Ruiz's criminal history. His record includes convictions for aggravated assault, aggravated battery, possession of a sawed-off shotgun, and conspiracy to commit armed robbery. Gonzalez-Ruiz conceded that the first two crimes qualify as violent felonies under the ACCA, and we've held that the third does not. *See United States v. Miller*, 721 F.3d 435 (7th Cir. 2013). The government argued that conspiracy to commit armed robbery is a violent felony under the "residual clause" of the ACCA, *see* 18 U.S.C. § 924(e)(2)(B)(ii), so that conviction counts as the third predicate for purposes of the Act. The judge disagreed and imposed a guidelines term of 37 months.

Gonzalez-Ruiz appealed, challenging the denial of his suppression motion. The government cross-appealed seeking resentencing under the ACCA. We put the case on hold to await the Supreme Court's decision in *Johnson v. United States*, which affects the government's cross-appeal. That decision is now in; the Court held that the residual clause is unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct. 2552, 2563 (2015). Accordingly, the government has moved to dismiss the cross-appeal. That motion is granted. On the remaining issue, we find no error in the district court's denial of suppression. From the perspective of a reasonable officer, Gonzalez-Ruiz's words and actions during the traffic stop manifested his consent to search.

## I. Background

At about 3 a.m. on October 19, 2011, Sergeant Matthew Laha of the Fitchburg Police Department stopped Gonzalez-Ruiz after a license-plate check of his car revealed that his driver's license was suspended. As Laha initiated the stop, Officer Peter Johnson arrived on the scene to assist. Much of the traffic stop was captured by a dash-mounted video camera in Laha's patrol vehicle and by his lapel microphone.

Laha approached the driver's side door and questioned Gonzalez-Ruiz, then returned to his squad to write a ticket. While he filled out the ticket, Laha told Johnson that he intended to ask Gonzalez-Ruiz for consent to search his car. When Laha finished writing the ticket, he and Johnson walked back to Gonzalez-Ruiz's car and asked him to step out. Laha explained the ticket and asked if Gonzalez-Ruiz had any questions. Gonzalez-Ruiz said, "no," and Laha told him, "You're free to go, my man."

As all three men began walking back to their vehicles, Laha suddenly spun around and called out, "Hey Juan!" Gonzalez-Ruiz answered, "Yeah?" and Laha asked, "You don't have any weapons, drugs, anything like that?" Gonzalez-Ruiz replied, "Oh? No, no. I just, I just left my house." Laha then asked, "Mind if I search? Mind if I take a look?" Gonzalez-Ruiz responded, "You can, you can … yeah," then closed his car door, walked to the rear of his vehicle, and opened his jacket. Laha did a quick pat-down search and continued to question Gonzalez-Ruiz: "Nothin' in your car that you're concerned about?" Gonzalez-Ruiz did not respond.

A few moments later, Gonzalez-Ruiz took out his cell phone and asked if he could call his wife, Camille Vasquez, to have her pick him up.[1] Laha replied, "Absolutely!" As Laha finished the frisk, Gonzalez-Ruiz called Vasquez and began talking with her in both English and Spanish.

Laha then walked to the side of Gonzalez-Ruiz's car and asked again if he could search it: "Nothing in your car that I should be concerned about? Mind if I take a look?" Gonzalez-Ruiz was speaking quietly on his phone at this point; Laha's microphone did not pick up what he was saying. Immediately after Laha asked this question, however, Gonzalez-Ruiz looked up at Laha and responded in a louder voice, "I guess," then raised his right hand and nodded in affirmation. Laha asked again, "So we're good?" Gonzalez-Ruiz did not respond. Johnson then directed him toward the curb as Laha started the search. Gonzalez-Ruiz did not object when he saw Laha open the driver's-side door to begin the search. Within ten seconds, Laha found two handguns and ammunition under the driver's seat.

Gonzalez-Ruiz was indicted for possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). He moved to suppress the guns, arguing that he did not consent to the search of his car. He explained in the motion that when he said "I guess," he was not consenting to the search but instead was responding to a question Vasquez asked him over the phone: "Should I come and pick you up now?" At the suppression hearing, Vasquez

---

[1] Testimony at the suppression hearing clarified that Vasquez and Gonzalez-Ruiz have children together but are not married.

testified to that effect. Gonzalez-Ruiz did not testify. The government presented testimony from both Laha and Johnson. The officers said that Gonzalez-Ruiz's response of "I guess" was directed at Laha's question about searching the car.

Based on this testimony and a review of the video and audio recordings of the stop, a magistrate judge found the officers' testimony credible and supported by the recordings. Accordingly, the magistrate judge recommended that the district court deny suppression. The district judge adopted the magistrate judge's report and recommendation and denied the motion to suppress.

Gonzalez-Ruiz then entered a conditional guilty plea pursuant to a plea agreement, reserving the right to appeal the denial of the suppression motion. At sentencing the government argued that Gonzalez-Ruiz should be sentenced as an armed career criminal under the ACCA based on four prior convictions: a Puerto Rico conviction for aggravated assault; a Wisconsin conviction for aggravated battery; and Massachusetts convictions for possession of a sawed-off shotgun and conspiracy to commit armed robbery. Gonzalez-Ruiz conceded that the first two convictions are ACCA predicates but argued that the Massachusetts convictions are not. Applying *Begay v. United States*, 553 U.S. 137 (2008), the judge concluded that neither crime qualified as a "violent felony" under the ACCA's residual clause. Without the ACCA enhancement, the advisory imprisonment range under the sentencing guidelines was 30 to 37 months. The judge imposed a term of 37 months.

As contemplated by the plea agreement, Gonzalez-Ruiz appealed the denial of suppression. The government cross-

appealed seeking review of the judge's decision not to apply the ACCA's enhanced penalty.

## II. Discussion

Gonzalez-Ruiz challenges the district court's conclusion that the warrantless search of his car was valid because he consented to it. *See, e.g., Fernandez v. California*, 134 S. Ct. 1126, 1131–32 (2014) (noting that the Fourth Amendment generally requires a warrant to search, but consent is an exception); *United States v. Jackson*, 598 F.3d 340, 346 (7th Cir. 2010) (same). Whether consent was given is a factual issue that we review for clear error. *United States v. $304,980.00 in U.S. Currency*, 732 F.3d 812, 819 (7th Cir. 2013). "The consent inquiry focuses on what is reasonably apparent to a reasonable inquiring officer so as to further the deterrence rationale of the exclusionary rule." *Id.* (internal quotation marks omitted). As for the district court's credibility determinations, we will only reject them if they are completely without foundation. *United States v. Freeman*, 691 F.3d 893, 899 (7th Cir. 2012).

We don't see any error in the district court's findings on consent. Gonzalez-Ruiz's argument for suppression rested largely on Vasquez's testimony—more specifically, her claim that when Gonzalez-Ruiz said "I guess," he was really responding to her question about picking him up and *not* to Laha's request for permission to search. But Vasquez wasn't present at the scene, and the officers who *were* there testified that his verbal response "I guess" came in reply to Laha's request for consent to search and was accompanied by a wave

of the hand and a nod. The district court accepted the officers' testimony as credible, and that determination gets substantial deference. *United States v. Williams*, 209 F.3d 940, 943 (7th Cir. 2000) (explaining that the reviewing court's deference to credibility findings is "near absolute"). The district court also relied on the video and audio recordings, which support the officers' testimony. Gonzalez-Ruiz does not question the contents of the recordings or the court's interpretation of them.

Instead, he points to Laha's unanswered question "So we're good?" as proof that his initial response was ambiguous. To the extent that there was any residual ambiguity, it was eliminated when Laha began the search and Gonzalez-Ruiz did not object. We faced a similar situation in *United States v. Price*, 54 F.3d 342 (7th Cir. 1995). There a state trooper officer asked a driver for consent to search his car by saying, "Do you mind if I take a look?" The driver's response—"Sure"—was ambiguous in that it could have meant "Sure, I mind" or "Sure, go ahead." *Id.* at 346. Yet we upheld the district court's finding of consent, concluding that the "crucial fact" was the driver's "failure to protest upon learning that [the trooper] understood his response as a consent to the search." *Id.* So too here. If Gonzalez-Ruiz did not intend to consent, Laha's commencement of the search "was the time to make that clear." *Id.*

In short, Gonzalez-Ruiz has not left us "with the definite and firm conviction that a mistake has been committed." *Am. Boat Co. v. United States*, 583 F.3d 471, 483 (7th Cir. 2009) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). The district court did not clearly err in finding that

Gonzalez-Ruiz's words and actions manifested his consent to the search.

In the cross-appeal, the government asked us to reverse and remand for resentencing under the ACCA, which mandates lengthier sentences for felons who possess firearms and have previously been convicted of three violent felonies. *Compare* 18 U.S.C. § 924(e)(1) (imposing a *minimum* of 15 years) *with id.* § 924(a)(2) (setting a *maximum* of 10 years). A "violent felony" under the statute is any crime that has physical force as an element, *id.* § 924(e)(2)(B)(i), or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another," § 924(e)(2)(B)(ii). That last portion has become known as the "residual clause" of the ACCA. The question in this case is whether the crime of conspiracy to commit armed robbery is a predicate violent felony under the residual clause.[2]

The Supreme Court's recent decision in *Johnson* forecloses application of the ACCA. *Johnson* held that the residual clause is void for vagueness and so "imposing an increased sentence under the residual clause … violates the Constitution's guarantee of due process." 135 S. Ct. at 2562. In light of *Johnson*, the government has moved to dismiss the cross-appeal. We grant that motion and affirm the judgment.

AFFIRMED.

---

[2] The district court held that Gonzalez-Ruiz's conviction for possession of a sawed-off shotgun is not a violent felony under the residual clause, anticipating our later decision in *United States v. Miller*, 721 F.3d 435 (7th Cir. 2013).