# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 15-3890

———————————————

United States of America

*Plaintiff - Appellee*

v.

Frank T. Scharschell

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

————————

Submitted: September 19, 2016
Filed: November 28, 2016
[Unpublished]

————————

Before RILEY, Chief Judge, MURPHY and SMITH, Circuit Judges.

————————

PER CURIAM.

Frank Scharschell pleaded guilty pursuant to a plea agreement to possession with intent to distribute five grams or more of methamphetamine (actual), in violation

of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The district court[1] determined that Scharschell was a career offender pursuant to U.S.S.G. §§ 4B1.1 and 4B1.2 (Nov. 2015)[2] and sentenced Scharschell to 188 months' imprisonment. On appeal, Scharschell argues that the Supreme Court's invalidation of the residual clause of the Armed Career Criminal Act (ACCA) eliminated his state conviction for conspiracy to commit aggravated robbery as a crime-of-violence predicate offense. *See Johnson v. United States*, 135 S. Ct. 2551 (2015). Upon review, we conclude that conspiracy to commit aggravated robbery is still included within the Guidelines' definition of "crime of violence" and therefore affirm.

## I. *Background*

Scharschell pleaded guilty pursuant to a plea agreement to possession with intent to distribute five grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Prior to sentencing, the probation office prepared a presentence investigation report (PSR). The PSR designated Scharschell as a career offender pursuant to U.S.S.G. § 4B1.1 based on two of his prior convictions: (1) a 2006 conviction for robbery in Wyandotte County, Kansas District Court, and (2) a 2011 conviction for conspiracy to commit aggravated robbery also in Wyandotte County, Kansas District Court. The PSR described these offenses as "two prior felony convictions of either a crime of violence or a controlled substance offense." Based on a total offense level of 31 and a criminal history category of VI under § 4B1.1(b) for career-offender status, the PSR calculated a Guidelines range of 188 to 235 months' imprisonment.

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

[2]Scharschell was sentenced on November 17, 2015. All citations to the Guidelines are to the November 1, 2015 version, which was in effect at the time of Scharschell's sentencing.

Scharschell objected to the use of the 2011 conspiracy conviction as a predicate crime of violence. Scharschell argued that the Supreme Court's *Johnson* decision, which invalidated the ACCA's residual clause, *see* 135 S. Ct. at 2557, also invalidated the residual clause contained in the definition of "crime of violence" in U.S.S.G. § 4B1.2. Scharschell reasoned that "[n]either conspiracy, nor aggravated robbery, is an enumerated crime of violence under the guidelines." He additionally asserted that his Kansas conviction for "[c]onspiracy to commit aggravated robbery does not require the 'use, attempted use, or threatened use of physical force against the person of another.'"

In response, the government argued that Scharschell's case was distinguishable because "Application Note 1 to U.S.S.G. § 4B1.2 . . . states that for 'purposes of the guideline—"Crime of Violence" and "controlled substance" includes the offenses of aiding and abetting, conspiring, and attempting to commit such offenses.'" According to the government, Scharschell was "a career offender based on a conviction for an offense specifically listed in the commentary to U.S.S.G. § 4B1.2, such as conspiracy to commit a crime of violence."

At sentencing, the court adopted the government's position and overruled Scharschell's objection to the use of the Kansas conspiracy conviction, stating:

> I believe that [the government's] analysis of the application under the presentence report as being consistent with the guideline regulations is correct, and that the case law that speaks to the lack of specificity of the residual clause for determination of career offender is not the applicable or determining consideration, and that the guidelines do require the determination of Mr. Scharschell being designated as a career offender; therefore, I'm going to overrule your objection.

The district court calculated a Guidelines range of 188 to 235 months' imprisonment based on a total offense level of 31 and criminal history category of VI.

-3-

After hearing arguments from counsel and considering the 18 U.S.C. § 3553(a) factors, the court sentenced Scharschell to 188 months' imprisonment.

## II. *Discussion*

On appeal, Scharschell argues that the district court erred in calculating his applicable Guidelines range because his Kansas conviction for conspiracy to commit aggravated robbery is not a crime of violence under § 4B1.2. First, Scharschell contends that the residual clause of § 4B1.2 is unconstitutionally vague and, therefore, no longer valid. *See Johnson*, 135 S. Ct. at 2557. Second, he asserts that his Kansas conviction for *conspiracy* to commit aggravated robbery is not a "force clause" offense under § 4B1.2. According to Scharschell, conspiracy "does not require direct participation on the crime"; therefore, one may "be convicted of conspiracy to commit a robbery without ever engaging in the use or threatened use of force."

The government concedes that "the residual clause of § 4B1.2(a)(2), like the 'residual clause' of the ACCA, is void for vagueness." For purposes of this appeal, we will assume without deciding that § 4B1.2(a)(2)'s residual clause is unconstitutionally vague. *Cf. United States v. Johnson*, 641 F. App'x 654, 658 (8th Cir. 2016) (unpublished per curiam) ("We agree that the government's concession is not conclusive, but . . . we will accept that concession for the sake of argument and assume without deciding that, under *Johnson*, the district court's application of the Guidelines career-offender residual clause was plain error."). Therefore, "we need not reach the residual clause to resolve this case." *United States v. Rodriguez*, 664 F.3d 1032, 1038 (6th Cir. 2011). Instead, we need only address whether Scharschell's conviction for conspiracy to commit aggravated robbery falls within the force clause of § 4B1.2 and therefore qualifies as a crime of violence under § 4B1.1.

Section 4B1.1(a) provides that

-4-

[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) *the instant offense of conviction is a felony that is either a crime of violence* or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a *crime of violence* or a controlled substance offense.

(Emphases added.) In turn, at the time of Scharschell's sentencing, § 4B1.2(a) defined "crime of violence" as

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another [("force clause")], or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another [("residual clause")].

At the time of Scharschell's 2011 conviction, Kansas law defined "aggravated robbery" as "a robbery . . . committed by a person who is armed with a dangerous weapon or who inflicts bodily harm upon any person in the course of such robbery." *State v. Brown*, 331 P.3d 781, 793 (Kan. 2014) (ellipses in original) (quoting Kan. Stat. Ann. § 21-3427). Additionally, "robbery" was defined as "the taking of property from the person or presence of another by force or by threat of bodily harm to any person." *Id*. (quoting Kan. Stat. Ann. § 21-3426). Finally, "conspiracy" was defined as

an agreement with another person to commit a crime or to assist in committing a crime. No person may be convicted of a conspiracy unless

-5-

an overt act in furtherance of such conspiracy is alleged and proved to have been committed by such person or by a co-conspirator.

*State v. Tapia*, 287 P.3d 879, 883 (Kan. 2012) (emphasis omitted) (quoting Kan. Stat. Ann. § 21-3302(a)).

Scharschell has not challenged that "aggravated robbery," as Kansas law defines it, is a "crime of violence." *See* U.S.S.G. § 4B1.2 cmt. n.1 (defining "crime of violence" to include "robbery"); *see also United States v. Brown*, 550 F.3d 724, 729 (8th Cir. 2008) ("In this case, however, Brown's conviction for aiding a felon in the commission of an aggravated robbery has as an element 'the use, attempted use, or threatened use of physical force against the person of another.'" (quoting U.S.S.G. § 4B1.2(a)(1)) (first citing Kan. Stat. Ann. § 21-3426; and then citing U.S.S.G. § 4B1.2 cmt. n.1)). Thus, the question is whether *conspiracy* to commit such a crime falls within the purview of § 4B1.2(a)(1)'s force clause and therefore constitutes a "crime of violence" under § 4B1.1.

Had this case arisen under 18 U.S.C. § 924(e), our analysis would be much more complicated. *See United States v. Ross*, 613 F.3d 805, 808–09 (8th Cir. 2010) ("[I]f this case arose under § 924(e), we likely would be required to address whether violation of a statute that encompasses merely preparatory activity constitutes a violent felony."). But we can resolve this case "in a more straightforward manner." *Id*. at 809. This is because "the guidelines themselves say explicitly that 'the definitions of "violent felony" and "serious drug offense" in 18 U.S.C. § 924(e)(2) are *not identical* to the definitions of "crime of violence" and "controlled substance offense" used in § 4B1.1.'" *Id*. (quoting U.S.S.G. § 4B1.4 cmt. n.1). For that reason, "separate analysis is necessary to ensure that there is no reason for a distinction" between § 4B1.2 and § 924(e). *Id*.

Relevant to the present case, "[t]he sentencing guidelines include *binding commentary* that is not applicable to § 924(e)." *Id*. (emphasis added) (citing *United States v. Carpenter*, 11 F.3d 788, 791 (8th Cir. 1993)). Application Note 1 to § 4B1.2 expressly provides that "[f]or purposes of this guideline—'Crime of violence' . . . include[s] the offenses of aiding and abetting, *conspiring*, and attempting to commit such offenses." (Emphasis added.) "[W]e expect that the Sentencing Commission meant to adopt a 'generic, contemporary meaning' of ['conspiracy'] in its commentary." *Ross*, 613 F.3d at 809 (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)). We also expect "[t]he contemporary meaning of" "conspiracy" to include Kansas's definition of "conspiracy," *see id*., which closely aligns with that of the Model Penal Code, *see* Model Penal Code § 5.03. "Thus, the guideline commentary *compels* the conclusion that [conspiracy] to commit a crime of violence in [Kansas] qualifies as a crime of violence under USSG § 4B1.2." *Ross*, 613 F.3d at 809 (emphasis added) (citing *Carpenter*, 11 F.3d at 791); *see also Rodriguez*, 664 F.3d at 1038 ("Rodriguez's conviction counts as a 'crime of violence' because aggravated assault is one of the enumerated crimes of violence listed in Application Note 1 to the career offender guideline and the offense requires knowing and intentional conduct.").[3]

---

[3] Scharschell cites several cases in support of his argument that conspiracies to commit violent crimes do not qualify under the force clause of § 4B1.2. *See, e.g.*, *United States v. Gonzalez–Ruiz*, 794 F.3d 832, 833 (7th Cir. 2015) (granting government's motion to dismiss its cross-appeal in which it argued "that conspiracy to commit armed robbery is a violent felony under the 'residual clause' of the ACCA" after *Johnson* "held that the residual clause is unconstitutionally vague"); *United States v. Gore*, 636 F.3d 728, 730 (5th Cir. 2011) (agreeing "that under Texas law, a conviction for conspiracy to commit aggravated robbery does not have 'as an element the use, attempted use, or threatened use of physical force against the person of another'" as provided in § 924(e)(2)(B)(i)); *United States v. White*, 571 F.3d 365, 369 (4th Cir. 2009), *abrogated on other grounds by Johnson*, 135 S. Ct. at 2560 ("Applying a categorical analysis to the Conspiracy Offense, we first observe that it does not have 'as an element the use, attempted use, or threatened use of physical

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____

---

force against the person of another.'" (quoting 18 U.S.C. § 924(e)(2)(B)(i))). But each of these cases dealt with a defendant who had been sentenced under § 924(e), not U.S.S.G. §§ 4B1.1 and 4B1.2. As discussed *supra*, the crucial difference between § 924(e) and § 4B1.2 is that § 4B1.2 contains "binding commentary" that "crime of violence" includes the offense of conspiracy. *See Ross*, 613 F.3d at 809.

We acknowledge that we decided *Ross* prior to *Johnson*. But Scharschell "does not mention [*Ross*] in his briefing on appeal and provides us no basis to depart from that holding." *United States v. Morris*, 641 F. App'x 457, 461 (6th Cir. 2016) (unpublished), *cert. denied*, No. 15-9183, 2016 WL 2348264 (U.S. Oct. 3, 2016) (declining to overrule *Rodriguez*).